IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MINISTERIO INTERNACIONAL | § | |
| LIRIOS DEL VALLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:16-CV-1212-D |
| VS. | § | |
| | § | |
| STATE FARM LLOYDS, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff's motion to remand presents the question whether defendants have met their heavy burden of establishing that an insurance adjuster has been improperly joined as a defendant. Concluding that defendants have met this burden, the court denies the motion to remand.

I

This is an action by plaintiff Ministerio International Lirios Del Valle ("Ministerio") against defendants State Farm Lloyds ("State Farm") and Aaron Galvan ("Galvan") arising from Ministerio's claim for insurance coverage following a storm that allegedly caused significant wind and hail damage to Ministerio's property (the "Property"). Ministerio was insured under a policy with State Farm (the "Policy") that covered storm damage to the Property and its contents. Galvan is an insurance adjuster whom State Farm hired to adjust Ministerio's claim under the Policy.

According to Ministerio's state court original petition, State Farm assigned Galvan to investigate and adjust Ministerio's claim.   Ministerio alleges that Galvan failed in estimating the value of the claim, undervalued the estimate by ignoring cost of repairs and restoration of the property, and refused to include in the claim overhead and profit, in direct violation of industry standards and State Farm's own policies and procedures.   Ministerio also posits that Galvan misrepresented that the damage to the Property was not covered under the Policy, and, as a result, the claim was denied.

Ministerio argues that State Farm is individually liable for breach of contract because it failed to adequately compensate Ministerio under the terms of the Policy, and failed to adequately and reasonably investigate and evaluate Ministerio's claim, constituting a breach of the duty of good faith and fair dealing.   Ministerio posits that State Farm is individually liable under multiple provisions of Chapters 541[1] and 542[2] of the Texas Insurance Code.

Ministerio asserts that State Farm and Galvan failed to reasonably investigate Ministerio's claim, misrepresented the damage done to the Property, and mishandled the process of settling Ministerio's claim under the Policy with adequate compensation, in

---

[1]Tex. Ins. Code Ann. §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7).  All violations under Subchapter B of § 541 are made actionable by §541.151. *See infra* § III(B).

[2]Tex. Ins. Code Ann. §§ 542.003(5), 542.055, and 542.056.  All violations under Subchapter B of § 542 are made actionable by § 542.060.

violation of multiple provisions of Chapter 541 of the Texas Insurance Code.[3]  Ministerio also contends that Galvan is individually liable under the same provisions of Chapter 541 of the Texas Insurance Code, as well as under Tex. Ins. Code Ann. § 542.003(5).[4]

Defendants removed the case to this court based on diversity of citizenship, contending that Galvan has been improperly joined.  Ministerio moves to remand, contending that Galvan was properly joined and that his Texas citizenship deprives this court of subject matter jurisdiction and precludes removal.  Defendants oppose the motion.

II

For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted). Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if any properly joined defendant is citizen of the state in which the action is brought (here, Texas).

The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'"  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573

_____

[3]Tex. Ins. Code Ann. §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060)(a)(3), 541.060(a)(4), and 541.060(a)(7).  All violations under Subchapter B of § 541 are made actionable by § 541.151.  *See infra* § III(B).

[4]All violations under Subchapter B of § 542 are made actionable by § 542.060.  *See infra* § III(B).

(5th Cir. 2004) (en banc); *see also Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 2016 WL 931217, at *2 (N.D. Tex. Mar. 11, 2016) (Fitzwater, J.).  The doctrine allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction.  *See id*. at 576.  Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).  Thus the removal statute is strictly construed, with "any doubt about the propriety of removal [being] resolved in favor of remand." *Id.* at 281-82.  In determining whether a party was improperly joined, the court "resolve[s] all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.* at 281.  The party seeking removal bears a heavy burden to prove improper joinder. *Smallwood*, 385 F.3d at 574.

Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the nondiverse defendant in state court. *Parsons v. Baylor Health Care Sys.*, 2012 WL 5844188, at *2 (N.D. Tex. Nov. 19, 2012) (Fitzwater, C.J.) (citing *Smallwood*, 385 F.3d at 573).  Under the second alternative—the one at issue in this case—the test for improper joinder is

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

- 4 -

*Smallwood*, 385 F.3d at 573; *see also Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than "any mere theoretical possibility of recovery").

The Fifth Circuit recently held that, when deciding whether a defendant has been improperly joined, a federal district court must apply the federal pleadings standard. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016) (on rehearing). This standard requires the plaintiff to plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 566 U.S. at 679 (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal,*

566 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).  And "'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly,* 550 U .S. at 555).

### III

### A

Defendants assert that Galvan—a citizen of Texas—has been improperly joined because Ministerio has not alleged a reasonable basis for the court to predict that Ministerio can recover against Galvan, and thus his presence should be ignored in determining diversity jurisdiction.  Relying on the Rule 12(b)(6) standard described above, defendants argue that Ministerio's allegations do not state a claim against Galvan because they are too conclusory and formulaic to demonstrate a plausible right to relief; the allegations against Galvan for violations of Chapter 541 of the Texas Insurance Code are not actionable because the alleged misrepresentations and other deficiencies relate only to Galvan's investigation and the scope of loss, not to the coverage provided under the terms of the Policy; and, as a matter of law, individual adjusters such as Galvan cannot be liable under Tex. Ins. Code Ann. § 541.060(a)(2) or § 541.060(a)(7).

### B

Defendants have met their heavy burden of demonstrating that there is no reasonable basis to predict that Ministerio might be able to recover against Galvan.  Ministerio alleges that Galvan committed the following violations of Tex. Ins. Code Ann. § 541, for which he can be held liable under Tex. Ins. Code Ann. § 541.151: §§ 541.060(a)(1), 541.060(a)(2)(A),

541.060(a)(3), 541.060(a)(4), and 541.060(a)(7).  Ministerio also argues that Galvan can be held liable under Tex. Ins. Code Ann. § 542.003(b)(5).

Galvan cannot be held liable under § 541.060(a)(1).  Ministerio argues that Galvan misrepresented that the damage to the Property was not covered under the policy, even though the damage was caused by a covered occurrence.  "This court has previously held that acts or omissions like this are not within the scope of § 541.060(a)(1) because they do not relate to the 'coverage at issue.'"  *Meritt*, 2016 WL 931217, at *3-4 (quoting *Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.)); *One Way Invs., Inc. v. Century Sur. Co.*, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) (quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.) (holding, *inter alia*, that claims adjuster had been improperly joined because alleged misrepresentations that "there was no damage to . . . roof when in fact there was damage and in fact there was leaking resulting from the damage" were not statements that related to the coverage at issue)).  "The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage."  *One Way*, 2014 WL 6991277, at *4 (quoting *Messersmith*, 10 F.Supp.3d at 724).[5]

---

[5]Ministerio posits that it has alleged specific conduct of Galvan that is related directly to the details of the Policy.  The court disagrees.  The facts that Ministerio alleges relate only to the scope of the loss and the failure of Galvan to make a reasonable investigation, not to any alleged misrepresentations concerning the Policy.

- 7 -

Ministerio cannot recover against Galvan under § 541.060(a)(2)(A). Section 541.060(a)(2)(A) prohibits failing to attempt to fairly and promptly settle a claim when it becomes "reasonably clear" that the insurer is liable. *Meritt*, 2016 WL 931217, at *4; *see also Messersmith*, 10 F.Supp.3d at 724. Galvan is an adjuster, and "[a]n adjuster 'cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer.'" *Id.* (quoting *Messersmith*, 10 F.Supp.3d at 724).

Ministerio cannot recover against Galvan under §§ 541.060(a)(3) or 541.060(a)(4). "[A]n adjuster cannot be held liable under [§ 541.060(a)(4)(A)] because an adjuster does not have the authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder." *Mainali*, 2015 WL 5098047, at *4 (quoting *One Way*, 2014 WL 6991277, at *5). "Similarly, an adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim." *Id.*

Ministerio cannot recover against Galvan under § 541.060(a)(7).

> Like [§ 541.060(a)(2)] the bad behavior that the statute targets is an insurer's refusal to pay under certain circumstances. Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation.

*One Way*, 2014 WL 6991277, at *4 (quoting *Messersmith*, 10 F.Supp.3d at 725).

Galvan cannot be held liable under Chapter 542 and, in turn, § 542.003(b)(5). Chapter 542 only applies to specifically listed "insurers," and Galvan, an adjuster, is not an insurer.

*See Mainali*, 2015 WL 5098047, at *5 (citing Tex. Ins. Code Ann. § 542.002); *see also Messersmith*, 10 F.Supp.3d at 723 (holding that adjuster could not be held liable under § 542.060(a) because adjuster is not an insurer).

Accordingly, because defendants have met their heavy burden of demonstrating that Galvan has been improperly joined, Galvan's Texas citizenship can be disregarded for purposes of determining diversity of citizenship and removability. Because the properly joined parties are completely diverse, Ministerio's motion to remand must be and is denied.

**SO ORDERED**.

October 4, 2016.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 9 -